### J. Q. ADAMS v. C. H. KING.

#### Decided January 11, 1902.

**Minor—Sale of State School Land—Void Contract.**

A sale of State school land under the Act ·of 1879 as amended by the Act of April 6, 1881, made to a minor over 19 years of age, was void, and could not be ratified by him after attaining majority. Following Walker v. Rogan, 93 Texas, 248.

Appeal from Shackelford. Tried below before Hon. N. R. Lindsey.

*A. A. Clarke, Thos. L. Blanton,* and *Theodore Mack,* for appellant.

*Warren & Webb, J. A. King,* and *A. H. Kirby,* for appellee.

HUNTER, ASSOCIATE JUSTICE.—This was an action of trespass to try title brought by Adams to recover from King three sections of State school land lying in Shackelford County, being sections 8 and 18 in block 13, and section 6 in block 14, located by virtue of certificates issued to the Texas & Pacific Railroad Company. The defendant pleaded not guilty and reconvened in a cross-action to recover possession. The case was tried by the court without a jury, and judgment was rendered against Adams in favor of King for the recovery of the land with writ of possession, and from that judgment Adams has appealed, and brings

the case here on the findings of fact and conclusions of law as found by the District Court, accompanied by a statement of facts.

We adopt the conclusions of fact as found by the district judge, some of which are, that on December 18, 1882, the three sections in controversy were formally sold by the Commissioner to James M. Rockwell, who was on that day over 19 years old, but under the age of 21, and that Rockwell on July 26, 1892, conveyed it to T. H. King by quitclaim deed; that said sale to Rockwell has never been legally forfeited, though the Commissioner has put the land on the market twice since and sold it twice, both of which sales, however, were void because of collusion with King, the lands being in King's pasture; that Rockwell, by failing to repudiate the sale within a reasonable time after majority and by his sale to King in 1892, must be held to have elected to affirm the sale made to him by the Commissioner while a minor, if such sales can be affirmed.

It will be seen from the above that the vital question in this case is whether the sale in this instance was void or only voidable. It is the first time this question has come before us under the statute of 1879 as amended by the Act of 1881, and were it not for the decision of our Supreme Court in Walker v. Rogan, 93 Texas, 248, construing that statute, we would not hesitate to hold that the sale to a minor under the statute named would be voidable only, and that as the ratification in this instance by the minor was complete after coming of age, King's title under his deed from Rockwell is good. The reasons why we should so hold are sufficiently set forth in the opinion of this court delivered by Justice Stephens in Watson v. White, 26 Texas Civil Appeals, 442, and in O'Keefe v. McPherson, 25 Texas Civil Appeals, 313, 61 Southwestern Reporter, 534, and authorities cited in these cases.

In view, however, of the decision in Walker v. Rogan, supra, construing the very statute under consideration, and being unable to distinguish this case in principle from that, we feel constrained to reverse the judgment herein and render it in favor of the appellant, and it is so ordered.

*Reversed and rendered.*

Writ of error refused.