W. T. STRICKEL v. A. H. TURBERVILLE.

Decided March 22, 1902.

1.—State School Land—Proof of Occupancy—Certificate of Commissioner—Evidence.

The certificate of the Commissioner of the General Land Office issued as provided by the statute and stating that proof of three years occupancy of a section of State school land, which proof is deemed by him sufficient, has been filed in his office by the purchaser named therein, is admissible in evidence to prove occupancy of the land for the requisite period. Rev. Stats., art. 4218j.

2.—Same—Sale to Minor—Validating Act.

See opinion for a sale of State school land to a minor, attacked also on the ground of collusion within the meaning of the statute, held to come within the validating act of May 27, 1899.

Appeal from Fisher. Tried below before Hon. P. D. Sanders.

*Leggett & Kirby* and *L. B. Allen,* for appellant.

*Beall & Beall,* for appellee.

CONNER, CHIEF JUSTICE.—This is an appeal from a judgment in appellees favor for section 174, block No. 3, of State school land in Fisher County. Appellant claims by virtue of application, obligation, and tender of payment duly made on October 1, 1900. His application, however, was rejected, and he thereupon filed this suit on the 20th day of October, 1900.

Appellee's claim is briefly as follows: On August 20, 1897, one J. F. Curry, as an actual settler, regularly purchased section 216 of said block, and continued to reside upon the same until in September, 1898, when he made due transfer thereof to appellee, who immediately became an actual settler thereon, and as such, on October 24, 1898, duly applied to purchase the section in controversy as additional to his said home section, and the same was duly awarded to him. Afterwards, in September, 1900, appellee made his proof of occupancy of his home section and certificate thereof by the Commissioner of the General Land Office, issued September 20, 1900. The awards and sales to appellee mentioned were in all respects regular and entitled him to judgment, unless, as hereinafter noticed, the contention of appellant must be sustained.

Appellant first insists that the court committed error in admitting the certificate of the Commissioner of the General Land Office to the effect that "the required proof of three years occupancy on section No. 216, block No. 3, * * * in Fisher County, was filed" in his office September 17, 1900, "which proof is deemed sufficient and in consequence of which this certificate is issued to A. H. Turberville." The certificate is duly signed, the objection being that it is ex parte and hearsay as to the plaintiff, and does not appear to be a certificate of facts

contained in the records of the office of the Commissioners; the cases of Fisher v. Ullman, 2 Texas Civil Appeals, 322, and Hamilton v. McAuley, 3 Texas Court Reporter, 362, being cited in support of this contention.

We think there is no merit in the assignment presenting this question. One of the requirements of the school land law is that a purchaser of school land shall reside upon the land purchased by him for three consecutive years after sale, "and to make proper proof of such residence and occupancy to the Commissioner of the General Land Office within two years after the expiration of said three years, * * * and on making such proof the Commissioner shall issue to the purchaser, his heirs and assigns, a certificate showing that fact." Rev. Stats., art. 4218j. The validity of this statute, or the authority thereby conferred on the Commissioner to issue such certificate, has never been questioned by any adjudicated case within our knowledge. See Parduc v. White, 50 S. W. Rep., 591. The cases cited in behalf of appellant involve a construction of an altogether different statute, as will be readily seen by examination.

It is next insisted that the court erred in excluding testimony offered by appellant to the effect that at the time of the original sale of said section 216, J. F. Curry was a minor aged 19 years, and it is therefore urged that the sale to him was a nullity. The case of O'Keefe v. McPherson, 61 Southwestern Reporter, 534, seems to be decisive against appellant on this contention, the precise question being there presented. See also the case of Watson v. White, 64 S. W. Rep., 826. In addition to which the facts of this case bring appellee within the purview of the validiating act of the Twenty-sixth Legislature. See 11 Gammel's Laws, p. 259; Jones v. Dowlin, 63 S. W. Rep., 938. The statute and authority last cited would seem also to be conclusive against appellant's only further contention, that the court erred in refusing to admit proof tendered by him to the effect that appellee's purchase of the land in controversy was collusive, contrary to the provisions of the statute on that subject.

This disposes of all questions presented, and having found no error as assigned, and the evidence being sufficient to sustain the judgment, it is in all things affirmed.

*Affirmed.*

Hunter, Associate Justice, did not sit in this case.