## M. A. LAMKIN, JR., v. A. T. MATSLER.

### Decided April 11, 1903.

**1.—School Land—Certificate of Occupancy—Abandonment.**

Where the Commissioner of the General Land Office has not declared a forfeiture of a school land purchase because of abandonment of settlement, but has, as provided by the statute (Rev. Stats., art. 4218j), issued a certificate of three years occupancy to the settler, a subsequent applicant can not show that, by reason of abandonment, the prior purchase has been forfeited.

**2.—Same—Actual Settlement—Attacking Certificate and Award.**

Notwithstanding that a certificate of three years occupancy has been issued to a prior applicant, an actual settler on the land prior to the completion of such three years period who has complied with the statute in an effort to purchase it may show that the previous award was a nullity by reason of the fact that the prior applicant was not an actual settler at the time of the award to him, and the Commissioner therefore without jurisdiction to make the award. Logan v. Curry, 95 Texas, 664, distinguished.

Appeal from the District Court of Hale. Tried below before Hon. J. A. P. Dickson.

*G. E. Hamilton,* for appellant.

*R. P. Smythe* and *H. C. Randolph,* for appellee.

CONNER, CHIEF JUSTICE.—The question presented on this appeal is whether a certificate of three years' continuous occupancy of State school land issued by the Commissioner of the General Land Office in accordance with the terms of Revised Statutes, article 4218j, will preclude inquiry as to whether such occupant was an actual settler at the time of his original application to purchase, and whether, if so, thereafter his right is forfeited by mere abandonment. The question arises under the following state of facts: The appellee applied to purchase

the State school section of land involved in this controversy on the 13th day of May, 1899, and the land was awarded to him by the Commissioner of the General Land Office on May 16, 1899, and on July 11, 1902, said Commissioner in due form issued certificate of appellee's continued occupancy for three years, as required by the article of the statute cited.

Appellant Lamkin became an actual settler upon said section and made due application, obligation and first payment as required by law, causing his application and obligation to be filed in the General Land Office on April 22, 1902, and an award to him being refused by the Commissioner on account of the previous sale to appellee (there existing no other legal objection thereto,) appellant instituted this suit May 6, 1902, in trespass to try title. Upon the trial appellant offered evidence tending to show, among other things, that appellee was not an actual settler at the time of his application and award nor thereafter until a short time prior to the issuance of the certificate in May, 1902, which proof the court excluded because of the Commissioner's certificate. The court also, upon the facts stated that relate to appellee's title, peremptorily instructed the jury to return a verdict for him.

Appellee's purchase was under the act of 1895, as amended by the act of 1897, and the court's ruling, in so far as appellant sought to show that appellee's purchase had become forfeited by reason of an abandonment of the premises after such purchase, was correct, the Commissioner not having declared a forfeiture therefor. See O'Keefe v. McPherson, 25 Texas Civ. App., 313, 61 S. W. Rep., 534; Bates v. Bratton, 96 Texas, 279, 72 S. W. Rep., 157. We however think the court was in error in excluding the proof in so far as it tended to show that appellee was not an actual settler at the time of his purchase. With exception not applicable to the facts of this case, actual settlement has long been held to be a sine qua non in the acquisition of title to the public free school lands of this State. See Rev. Stats., 4218f; Metzler v. Johnson, 1 Texas Civ. App., 137; Schwarz v. McCall, 94 Texas, 10, 57 S. W. Rep., 31; Lee v. Green, 24 Texas Civ. App., 109, 58 S. W. Rep., 196.

In the case of Logan v. Curry, 66 S. W. Rep., 81, we held, in effect, in an opinion by Justice Hunter, that the jurisdiction of the Commissioner of the General Land Office to pass upon the question of continued occupancy did not arise where it was shown that the applicant to whom the award was made was not an actual settler at the time of the award to him; and hence that a certificate of the kind now under consideration would not prevent a subsequent actual settler and applicant from proving, in aid of his own right, that the original award was a nullity by reason of the nonsettlement of the person to whom the award was made. In this ruling, however, our Supreme Court in the same case (95 Texas, 664, 69 S. W. Rep., 129), differed from us, holding that the issuance of the certificate was conclusive of this issue, and this opinion of the Supreme Court is invoked by appellee in aid of the ruling of

the court below. We think, however, that the case of Logan v. Curry, by the Supreme Court, fails to support appellee's proposition. In that case it is clear that the right asserted by the subsequent applicant to purchase had its inception after proof of three consecutive years of actual occupancy under the original application and award, and after certificate of such fact had been issued by the Commissioner of the General Land Office. But in the case now before us it is uncontroverted that appellant made actual settlement and application to purchase the land in controversy, making payment and giving obligation in the form required by law, less than three years from the date of appellee's application and settlement, if any, and we find nothing in the case of Logan v. Curry by the Supreme Court which requires us to extend the rule there announced. On the contrary, we think it is to be implied from the decision relied upon that there is nothing in our law that will prevent an actual settler who has complied with the statute in an effort to purchase school lands, from showing that a previous award made within less than three years from the date of his own application and settlement, was a nullity by reason of the fact that such prior applicant did not comply with the essential requirement of actual settlement at the time of the application under which such prior award had been made. We at least think that such should be the rule, and until required to do so, are certainly not inclined to so extend the doctrine declared by the Supreme Court in the case referred to as to prevent the application of the rule as we think it should be.

It is accordingly ordered that the judgment be reversed and the cause remanded for a new trial in accord with the views herein expressed.

*Reversed and remanded.*