## T. C. WHITE V. WALTER WATSON.

### Decided January 2, 1904.

**1.—School Land—Sale to Minor.**

A sale of State school land duly made in 1899 to an actual settler, a minor 18 years old, is valid. Following decision on former appeal, 26 Texas Civ. App., 442, and distinguishing Walker v. Rogan, 93 Texas, 248, and Adams v. King, 28 Texas Civ. App., 17.

**2.—Same—Evidence—Commissioner's Certificate of Occupancy.**

Where plaintiff sued in trespass to try title to recover school land by virtue of a rejected application to purchase it, and defendant's right depended on his actual settlement on the land, it was error to admit in evidence a certificate of the Land Commissioner, issued to defendant after the rejection of plaintiff's application, certifying that defendant's proof of occupancy filed in the Land Office was sufficient.

Appeal from the District Court of Palo Pinto. Tried below before Hon. W. J. Oxford.

*Crudgington & Penix, Stevenson & Ritchie,* and *Theodore Mack,* for appellant.

*H. E. Bradford, G. A. McCall, John H. Eaton,* and *Wayne H. Lasater,* for appellees.

CONNER, CHIEF JUSTICE.—For the second time this case appears before us on appeal. Appellee, at the dates involved, was a minor, claiming the section of land in controversy as additional to his home section, both of which had been awarded to him prior to appellant's application to purchase the land in controversy as an actual settler thereon. The former judgment was reversed because of a peremptory charge in appellant's favor, based upon the proposition that the sale to appellee was void because of his minority. See Watson v. White, 26 Texas Civ. App., 442, 64 S. W. Rep., 826.

The proposition is again asserted that because of his minority appellee's title is void, the cases of Walker v. Rogan, 93 Texas, 248, 54 S. W. Rep., 1018; Wurzbach v. Burkett, 60 S. W. Rep., 590; Adams v. King, 28 Texas Civ. App., 17, 66 S. W. Rep., 484, and Dupree v. Duke, 30 Texas Civ. App., 360, 70 S. W. Rep., 561, being cited as sustaining the proposition. In the case of Adams v. King we followed the decision in the case of State v. Rogan, the purchases involved being under the same law; but this case was distinguished from both State v. Rogan and Wurzbach v. Burkett in the opinion by us on the former appeal. We deem it unnecessary to reiterate our views as expressed in opinion in Watson v. White, nor will we attempt to add to what we there said, save to call attention to the emphasis since given by our Supreme Court in the cases of Tolleson v. Rogan, 96 Texas, 424, 73 S. W. Rep., 520, and Martin v. Terrell, 97 Texas, 118, 76 S. W. Rep., 745, to the view of this court expressed in O'Keefe v. McPherson, 25 Texas Civ. App., 313, 61 S. W. Rep., 534, and Watson

v. White, supra, as to the weight that we think should be given to the well known aforetime rule of the General Land Office to disregard the question of minority in sales of public lands requiring actual settlement in all cases where the minor had capacity to become an actual settler. Having, therefore, on the former appeal herein determined adversely to the main contention and proposition as above stated on this appeal, and not now seeing our way clear to determine otherwise, notwithstanding the subsequent conflicting opinion in Dupree v. Duke, supra, we conceive it to be our duty to adhere·to the decision before announced. Burns v. Ledbetter, 56 Texas, 282; Kempner v. Huddleson, 90 Texas, 182, and authorities therein cited.

We hence at once pass to the consideration of the only other material question, as we conceive, presented on this appeal.

One of the material issues on the trial was whether appellee was an actual settler on his home section at the time of the award to him of the section in controversy. Irrespective of title to the home section and in addition thereto it was essential to appellee's recovery that this fact be established, and as relevant to this issue he offered the certificate of the Commissioner of the General Land Office to the effect that the· required proof of three years occupancy on the home section had been filed in the General Land Office on February 21, 1900, and that the· same was deemed "sufficient;" in consequence of which the certificate· was issued. Appellant's application to purchase had been made prior to such proof and the issuance of the certificate; the certificate therefore did not conclude him on the issue of appellee's actual settlement. Lampkin v. Matsler, 32 Texas Civ. App., 218, 73 S. W. Rep., 970. It follows, we think, that the certificate was inadmissible, and that appellant's objections thereto on the ground that it was irrelevant should have been sustained. The evidence on the issue mentioned is of conflicting tendency, and we have no means of determining what effect the Commissioner's formally expressed conclusion that the proof filed with him was "sufficient" may have had on the jury. At all events the court's ruling· was erroneous, and the certificate probably prejudicial, from which it· follows that the judgment must be reversed.

*Reversed and remanded.*