R. H. FORRESTER V. J. E. BERRY.

Decided March 9, 1904.

**Public Land—Actual Settler—Proof of Occupancy.**

It was error for the trial court to exclude evidence offered to show that plaintiff was not an actual settler where defendant had settled on and made application to purchase the land in controversy before proof of occupancy was made by plaintiff to the Commissioner of the General Land Office. Pardue v. White, 21 Texas Civ. App., 121; Logan v. Curry, 95 Texas, 664, distinguished.

Appeal from the District Court of Frio. Tried below before Hon. E. A. Stevens.

*Magus Smith* and *R. W. Hudson,* for appellant.

*I. N. Spann* and *Mason Maney,* for appellee.

FLY, ASSOCIATE JUSTICE.—Appellee instituted this suit to try title to two parcels of land containing in the aggregate 960 acres, in Frio County. The court instructed a verdict for appellee, upon which the judgment from which this appeal was perfected was rendered.

Appellee owned a home within five miles of the lands in controversy and on May 5, 1899, applied to the Commissioner of the General Land Office to purchase 640 acres additional land, and on July 15, 1899, applied to purchase 320 acres more. The lands were awarded to him. On June 16, 1902, appellant made application to purchase the two tracts, the 640 acres as a home and the 320 acres as additional land. The application was rejected by the Land Commissioner. Appellant moved on the lands on June 9, 1902, for the purpose of making a home there, and still resides on the land. On August 2, 1902, appellee made his proofs of occupancy of the land for three years and the same was filed in the General Land Office on August 4, 1902. The proofs were on that day accepted by the Land Commissioner, but it is not made to appear that a certificate was issued. Prior to the time that the proofs had been filed affidavits setting up appellee's abandonment of the land had been filed by appellant with the Land Commissioner.

Appellant sought to show by witnesses, on the trial of the cause, that appellee had abandoned his home land before the expiration of three years from the date of his application, and had moved to the town of Pearsall in September, 1901, and had resided there continuously until the time of the trial. The testimony was excluded.

In our former opinion, which has been withdrawn, we reached the conclusion that the facts of this case brought it within the scope of the cases of Logan v. Curry, 95 Texas, 664, and Pardue v. White, 21 Texas Civ. App., 121, 50 S. W. Rep., 591, but we find that there is a feature of the evidence in each of those cases which, the Court of Civil Appeals of the Second District hold, distinguishes them from one like this, in

that the proofs of occupancy were made and accepted by the Land Commissioner before the adverse applications to purchase were made. Lamkin v. Matsler, 73 S. W. Rep., 970; White v. Watson, 2 Texas Law Journal, 445, 78 S. W. Rep., 237.

In article 4218j, Revised Statutes, it is provided that the purchaser of school lands shall be required to reside on the land for three consecutive years, and that he shall make proper proof of such residence and occupancy to the Commissioner of the General Land Office within two years next after the expiration of said three years, by his affidavit, corroborated by the affidavit of three disinterested and credible persons, to be certified by some officer authorized to administer oaths, and on making such proof the Commissioner shall issue to the purchaser, his heirs and assigns, a certificate showing that fact.

This law was first construed by the Court of Civil Appeals of the Second District in the case of Pardue v. White, 21 Texas Civ. App., 121, 50 S. W. Rep., 591, and not only was a writ of error refused by the Supreme Court, but the decision has the unusual distinction of being cited and furthermore highly approved by the Supreme Court in the case of Logan v. Curry, 95 Texas, 664. In the Pardue-White case, it was held that when the proofs have been made by a purchaser, as required by the law above cited, and the certificate has been issued by the Land Commissioner, no person who makes application to purchase the land after the making of such proofs of occupancy and issuance of such certificate shall be allowed to open the question of the occupancy of the land by the original purchaser.

The Supreme Court not only highly commended the foregoing views of the Court of Civil Appeals, but seems to go further and intimates that after three years the question of occupancy can not be raised, and says: "Conceding that it was the intention of the Legislature to leave the title of a purchaser open in its inception to attack by an adverse claimant upon the ground that he was not an actual settler at the time of his application, or had abandoned the land subsequently thereto, sound policy would dictate that some limit should be fixed to this period of uncertainty; and we are of the opinion that three years would be a reasonable and sufficient time in which to permit the question to be contested." That language is broad enough to preclude any contest as to residence and occupancy after the expiration of three years, whether the proofs of occupancy had been made and accepted or not. That construction was placed on the language in the case of Lamkin v. Matsler, 73 S. W. Rep., 970, by the same court that rendered the opinion in Pardue v. White. The court said: "We think it is to be implied from the decision relied upon that there is nothing in our law that will prevent an actual settler who has complied with the statute in an effort to purchase school lands from showing that a previous award, made within less than three years from the date of his own application and settlement, was a nullity by reason of the fact that such prior award had

been made." However, that case was distinguished from the Logan-Curry case in that in the latter case the settlement and application to purchase took place after the proof of occupancy had been accepted and the certificate issued, and in the case of White v. Watson, 2 Texas Law Journal, 445, 78 S. W. Rep., 237, the same court held, without reference to the fact that three years had elapsed from the time of the award of the land before the settlement of the land and application of the adverse claimant to purchase, that if such settlement and application antedated the proofs of occupancy, the question of occupancy could be inquired into. In the case last cited no reference is made to the Logan-Curry case.

The matter has been settled by authoritative decisions, and while there is some uncertainty as to the exact holdings in the different decisions, we conclude that all of them support the decision that under the facts of this case the trial court erred in excluding evidence as to the occupancy of the land, because the settlement and application for purchase on the part of appellant occurred before the proofs of occupancy were made by appellee.

The motion for rehearing is granted and the judgment is reversed and the cause remanded.

*Reversed and remanded.*