## M. E. GILMORE v. A. L. LOCKWOOD.

Decided November 20, 1909.

**Public School Land—Certificate of Occupancy.**

In an action of trespass to try title to a section of public school land wherein the plaintiff sought to impeach the sale to defendant by the State by showing that defendant was not at the time of the award to him an actual settler upon his home section, the certificate of the Commissioner of the Land Office as to three years occupancy by the defendant was not conclusive of the question, and the plaintiff should have been allowed to disprove that fact.

Appeal from the District Court of Lynn County. Tried below before Hon. H. C. Hughes, Special Judge.

*Beall Bros. & McDugald, W. D. Benson* and *John P. Marrs,* for appellant.—The proof of settlement and three years' occupancy made by appellee of his settlement and occupancy upon section 500, and the certificate of the Commissioner of the General Land Office issued thereon, were as to appellant ex parte, irrelevant and incompetent. Appellant having filed on the land in controversy within three years of the time appellee filed on same, and before the certificate of occupancy issued same could not estop or abrogate appellant's rights under

his file.  May v. Hollingsworth, 7 Texas Ct. Rep., 711; Lampkin v. Matsler, 7 Texas Ct. Rep., 278; Franklin v. Kerlin, 7 Texas Ct. Rep., 719; White v. Watson, 78 S. W., 237.

If appellee was not an actual settler in good faith on section No. 500 on the 1st day of October, 1902, the day on which he filed thereon, then he was not an eligible purchaser, and the Commissioner of the General Land Office was without power to award the same to him, and such an award so made was void, and his purchase of section No. 492 as additional thereto was also void.  Busk v. Lowrie, 23 S. W., 983; Cordill v. Moore, 43 S. W., 298; Waggoner v. Daniels, 44 S. W., 946; Borchers v. Mead, 43 S. W., 300; Smith v. Florence, 16 Texas Ct. Rep., 8-16; Newberger v. Heintz, 22 S. W., 867; Potter v. Wheat, 53 Texas, 406.

No brief for appellee.

SPEER, ASSOCIATE JUSTICE.—Appellant, Gilmore, brought this suit in the form of an action of trespass to try title to recover from appellee, Lockwood, a section of school land in Lynn County.  The application of appellant was rejected because of a prior sale to appellee, and appellant sought to impeach this sale by showing that appellee was not, at the time of the award to him, an actual settler upon his base or mother section.  Upon appellee's proving that the Commissioner of the General Land Office had issued a certificate of three years' occupancy, the trial court instructed the jury to return a verdict in his favor, holding upon the authority of Williams v. Barnes, 111 S. W., 432, that such certificate was conclusive upon the rights of appellant, notwithstanding those rights had their incipiency at a date prior to the issuance of the certificate.

The ruling of the court in declining to hear certain testimony from appellant, and in thus instructing a verdict, constituted error for which the judgment will be reversed.  The authority cited undoubtedly sustains the court's ruling, but has itself been reversed on writ of error to the Supreme Court.  Barnes v. Williams, 102 Texas, 444.  See also Lamkin v. Matsler, 73 S. W., 970; Bumpass v. McLendon, 48 Texas Civ. App., 410, a writ of error having been refused in the latter case on a subsequent appeal.

*Reversed and remanded.*