RAINER et al. v. DURRILL.

(Court of Civil Appeals of Texas. San Antonio. April 16, 1913. Rehearing Denied May 14, 1913.)

1. PUBLIC LANDS (§ 172*) — AWARD TO INFANTS—VALIDITY.

An award of public lands to a minor is invalid.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 523–543; Dec. Dig. § 172.*]

2. INFANTS (§ 11*)—REMOVAL OF DISABILITIES—JURISDICTION OF COURT.

Under Rev. Civ. St. 1911, art. 5947, providing that proceedings for the removal of the disability of infancy must be in the county where the minor resides, an order removing disability of minority is void where it appears on the face of the proceeding that the minor did not reside in the county.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 12; Dec. Dig. § 11.*]

3. PUBLIC LANDS (§ 172*)—INVALID AWARDS—CANCELLATION.

A cancellation of a void award of public lands to a minor is not necessary to a subsequent award of the land to an adult.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 523–543; Dec. Dig. § 172.*]

4. PUBLIC LANDS (§ 172*)—AWARD TO INFANTS—SUBSEQUENT AWARD TO ADULT.

The removal by the district court of the disability of infancy of one to whom public land had been previously awarded does not avoid an award to an adult made subsequent to the award to the minor and prior to the removal of disability.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 523–543; Dec. Dig. § 172.*]

5. PUBLIC LANDS (§ 172*)—ACTIONS—LIMITATIONS.

Rev. Civ. St. 1911, art. 5458, requiring persons claiming the right to purchase public lands to sue therefor within one year after the date of the award, does not apply to a void sale, but to a sale voidable for some irregularity, and no length of time can legalize a void award.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 523–543; Dec. Dig. § 172.*]

Appeal from District Court, Culberson County; James R. Harper, Judge.

Action by Pansy Durrill against Flora E. Rainer and another. From a judgment for plaintiff, defendants appeal. Reversed and rendered.

Jones & Jones, of El Paso, for appellants. Joe Irby, of Van Horn, and Gillett, Hudspeth & Dale, of El Paso, for appellee.

FLY, C. J. This is an action of trespass to try title to sections 3, 10, 18, 19, 20, and 21, block 63, free school lands in Culberson county, instituted by appellee against Flora E. Rainer and her husband, J. E. Rainer, appellants, who filed a general demurrer, general denial, plea of not guilty, and a special plea alleging that appellee was setting up a claim to the land by reason of certain applications to purchase the same from the state of Texas, and which were alleged to be void. The cause was tried by jury and a verdict was instructed for appellee, upon which was rendered the judgment from which this appeal was perfected.

The evidence shows that appellee applied to purchase the lands in controversy on January 13, 1911, in the manner prescribed by statute, gave the required obligations, and made the statutory oath, a part of which was that she was over 21 years of age. She was only 19 years old, and relied on her disabilities having been removed to entitle her to an award of the lands. The lands were awarded her by the Commissioner of the General Land Office. Appellant Flora E. Rainer made valid applications and the necessary affidavits, and gave the statutory obligations, and the land was awarded to her. Appellee was a resident of Culberson county, but on January 13, 1911, the day on which the land was awarded to her, a judgment removing her disabilities was entered by the district court of Travis county. In that judgment it was recited that appellee was a minor, over 19 years of age, that her father was living and had waived issuance of a certified copy of the minor's petition, and had accepted service and was personally present, and that appellee was "residing

temporarily in Travis county." Afterwards, on July 4, 1911, a judgment removing appellee's disabilities as a minor was rendered in Culberson county where appellee resided.

The first assignment of error is based on the assumption that the record shows that the award made by the Land Commissioner to appellee was canceled by that officer, but there is nothing in the bills of exceptions on which the assignment must rest that shows a cancellation. It is true that appellants objected to the introduction in evidence of the different applications, obligations, and affidavits of appellee on the ground that the obligations showed on their face that it had been canceled by the Land Commissioner, but the copies of the obligations fail to show any such cancellation, on their face or anywhere else, of the award of the land to appellee. Nowhere in the record does such cancellation appear. The assignment of error is therefore overruled.

[1] The second assignment is that the court erred in instructing a verdict for appellee because the undisputed evidence showed that plaintiff was a minor when she applied for the sections of land, and the same was awarded to her by the Land Commissioner. The assignment is well taken. Appellee was only 19 years old at the time she applied to purchase the land in controversy, and stated that she depended upon the judgment of the district court, hereinbefore described, to remove her disabilities as a minor, in order that she might purchase the land. This was done to meet decisions of the Supreme Court and Courts of Civil Appeals, which hold that an award of public lands to a minor is invalid. Walker v. Rogan, 93 Tex. 248, 54 S. W. 1018; Adams v. King, 28 Tex. Civ. App. 17, 66 S. W. 484; Baldwin v. Salgado, 135 S. W. 608. In the decisions cited it was held that a sale of school lands to a minor was null and void, although the same Court of Civil Appeals came to a directly opposite conclusion. White v. Watson, 34 Tex. Civ. App. 169, 78 S. W. 237. The Supreme Court has never questioned the cited case of Walker v. Rogan, but has cited it with approval. Walker v. Finley, 94 Tex. 145, 58 S. W. 941.

[2] This ruling of the Supreme Court was recognized by appellee as an obstacle to her purchase of the land, and she sought to remove it by having her disability of minority removed. To accomplish that object, however, she did not present her bill or petition to the district court of the county where she resided, as provided in article 5947, R. S. 1911, but went to Austin and filed her petition, and obtained a judgment removing her disabilities as a minor. She afterwards sought a mandamus against the Land Commissioner and the Supreme Court held: "It appears from the judgment of the district court of Travis county, purporting to remove the disabilities of relator, that she was not a resident of the county of Travis within the meaning of the statute. Her application

shows that she came to Travis county for the purpose of getting her disabilities removed, and that she intended as soon as she accomplished that purpose to return to El Paso county. The court recites in its order that she is temporarily a resident of Travis county. The statute provides that the proceeding must be had in the county where the minor resides, and, it appearing upon the face of the proceeding that she did not reside in Travis county, the order is void. Cunningham v. Robison, 136 S. W. 441. Being a minor, the relator is not qualified to purchase the land." Durrill v. Robison, 138 S. W. 107.

[3, 4] The awards of the lands to appellee at a time before her disabilities were removed were nullities, and no cancellation was necessary or appropriate, and, the subsequent award to Flora E. Rainer being made in all respects according to law, the lands in controversy became her property, and the removal of the disabilities of appellee by the district court of her county after the awards to appellants would not avoid those awards and vitalize and legalize the awards made to appellee.

[5] It is provided by the law of 1905 (article 5458, R. S. 1911) that "all persons claiming the right to purchase or lease any public free school lands, or any lands belonging to the State University, or either of the State Asylums, which have been heretofore, or which may be hereafter, sold or leased to any other person under any provision of the law authorizing the sale or lease of any of said lands, shall bring his suit therefor within one year after the date of the award of such sale or lease, and not thereafter." That statute was not available to appellee, for the reason that the land was not sold to her under the provisions of any law, but in defiance of the law which requires that the land be sold to parties capable of contracting, and not to minors. It has no reference to a void sale like that in this case, but to those voidable on account of some irregularity. It is the same as though no award had been made, and no length of time could legalize it. Appellants were in possession of the land, their claim had been recognized by the Land Commissioner, and, although the award to appellee was not shown to have been canceled, still she clearly showed by her testimony that the Land Commissioner had receded from his award. It was only through the fraud of appellee in swearing that she was 21 years of age that the award was obtained. She swore: "After the question came up as to my minority, the Commissioner advised me that the proceedings at Austin were void, and that he would give me 15 days to make a showing; something like that. I was not a minor; I was 19 and past, and, after having my disabilities removed, that made me 21. The disabilities I am talking about are the ones I had removed at Austin. I went there for the purpose of having my

disabilities removed; that is at Austin. At that time I said I was 19 past. They wrote me that they didn't think I had had my disabilities properly removed, or they didn't think it was right, and so I came back here and had them removed. I disremember who wrote me that. I disremember whether it was the Commissioner of the General Land Office or not. I disremember whether it was before I attempted to file the mandamus suit in the Supreme Court. * * * I disremember whether it was in June when they passed on my case in Austin; but it was in July when I had my disabilities removed here. E. R. Pettigo was my counsel in Austin and represented me there. The application he filed for me involved this same land. The application was for permission to sue out a writ of mandamus in the Supreme Court. And that was the same land involved in this suit." The land was awarded to appellants before the second attempt to remove disabilities was made in July, 1911. Appellee filed this suit on April 11, 1912, and on July 8, 1912, the first amended original answer was filed by appellant. That was at the appearance term of the court for the cause. The land was awarded to appellant Flora E. Rainer by the Land Commissioner more than a year before this suit was instituted, and under the terms of articles 5458 and 5459, R. S. 1911, if any one is barred by limitations, appellee seems to be the one. Appellee was seeking to recover the land, and she failed to bring her "suit therefor within one year after the date of the award of such sale," and the failure to bring it was conclusive against her. The burden was on her to establish her suit, and, if she failed to comply with the requirements of the articles cited, she, and not the appellants, must be held accountable.

The facts are apparent and uncontradicted, and the judgment will be reversed, and judgment here rendered that appellee, Pansy Durrill, take nothing by her suit, and pay all costs of this court and the lower court in this behalf expended.