## LANDERS v. McCUTCHAN.

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 11, 1913. Rehearing Denied Nov. 15, 1913.)

1. APPEAL AND ERROR (§ 265*)—RESERVATION OF GROUNDS OF REVIEW.

Under Rev. Civ. St. 1911, art. 1990, providing that where a special verdict is rendered, or the conclusions of fact filed by the judge are separately stated, the court shall render judgment thereon unless the same be set aside and a new trial granted, where the trial court's conclusions of fact were separately stated, there was no exception to any conclusion of fact, no request for any additional finding, and no finding was attacked on appeal for want of evidence sufficient to support it, and the facts found as a whole sustained the judgment, the judgment should be affirmed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1461, 1536–1551; Dec. Dig. § 265.*]

2. FRAUDULENT CONVEYANCES (§ 301*)—SETTING ASIDE.

In an execution purchaser's action to recover the title and possession of land which the execution debtor conveyed to defendant prior to the execution sale, a judgment for the purchaser was not erroneous because of the insufficiency of the evidence to show defendant's knowledge of the debtor's indebtedness, or of his intention to defraud his creditors, where the trial court found that the deed to defendant was without consideration and had never been delivered.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 904–907; Dec. Dig. § 301.*]

3. APPEAL AND ERROR (§ 265*)—RESERVATION OF GROUNDS OF REVIEW.

In an execution purchaser's action to recover the title and possession of land which the execution debtor had conveyed to defendant prior to the execution sale, a judgment for the purchaser, on the ground that the conveyance to defendant was fraudulent as to creditors, was not erroneous, though the evidence showed an equitable title to the property in defendant at all times by reason of his having furnished the consideration for the purchase of the land by the execution debtor, where there was no finding made or requested on the issue of his equitable ownership, and no exception taken to the failure to find.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1461, 1536–1551; Dec. Dig. § 265.*]

4. TRIAL (§ 397*) — FINDINGS — FAILURE TO FIND—EFFECT.

In an execution purchaser's action to recover the title and possession of land which the execution debtor conveyed to defendant prior to the execution sale, a finding against defendant on his claim of equitable ownership, based on the claim that he furnished the consideration for the debtor's purchase of the land, would be implied from the judgment against him.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 940–945; Dec. Dig. § 397.*]

5. FRAUDULENT CONVEYANCES (§ 295*)—SUITS TO SET ASIDE—SUFFICIENCY OF EVIDENCE.

In an execution purchaser's action to recover the title and possession of land which the execution debtor conveyed to defendant prior to the execution sale, where though defendant testified to a state of facts showing his equitable ownership of the property prior to the judgment and levy, there was evidence tending to show that the debtor at all times improved, offered to sell, and treated the property as his own, that

soon after making the deed he absconded, and that when defendant was asked to transfer the property to the creditors he made no claim of equitable ownership, but indicated a willingness to make such retransfer if the debtor was willing that it should be done, a finding against his claim of equitable ownership was supported by the evidence, as he was an interested witness and the court was not bound to believe him.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 727; Dec. Dig. § 295.*]

Appeal from District Court, Tarrant County; James W. Swayne, Judge.

Action by J. D. McCutchan against Everett Landers. Judgment for plaintiff, and defendant appeals. Affirmed.

Clendenen, Simmons & Cameron, of Ft. Worth, for appellant. C. M. Templeton, of Ft. Worth, for appellee.

CONNER, C. J. This suit was instituted by the appellee, J. D. McCutchan, against appellant, Everett Landers, to recover the title and possession of lots Nos. 16 and 17, block 143 of North Ft. Worth, Tarrant county. Both parties claimed under O. D. Landers as common source of title. Appellee claimed title by virtue of a sheriff's deed dated August 6, 1912, made by virtue of an order of sale, issued upon a judgment of a district court of Tarrant county against O. D. Landers, for the sum of $876.80. The appellant claimed under a deed from O. D. Landers to himself, dated November 28, 1911, and also claimed as the equitable owner, arising from the fact, as he alleged, that he furnished the consideration upon which the conveyance to O. D. Landers had been made. Appellee replied with a general denial, and, further, that the deed from O. D. Landers to appellant had been made without consideration, that it in fact had never been delivered to appellant, and that it had been executed by O. D. Landers for the purpose of defrauding his creditors. The trial resulted in a judgment for appellee, and the court filed his conclusions of fact and law.

Appellant insists: First, that the court erred in rendering judgment for the plaintiff, because the evidence is wholly insufficient to show that O. D. Landers was indebted, at the time of the judgment, by virtue of which the sale to appellee was made; second, because the evidence is wholly insufficient to show that the defendant, E. Landers, knew of such indebtedness, if any, at the time that he received the deed to the property; and, third, because "the evidence, and all of the evidence," shows that the superior equitable title to the property in controversy had been at all times in the defendant E. Landers.

[1] In harmony with previous expressions in the opinions of this court we think we would be justified in entirely disregarding the assignments presented. Article 1990 of

the Revised Statutes of 1911 provides that: "In all cases where a special verdict of the jury is rendered, or the conclusions of fact filed by the judge are separately stated, the court shall, unless the same be set aside and a new trial granted, render judgment thereon." As already stated, in this case we have the trial court's conclusions of fact separately stated from his conclusions of law; and, under the statute quoted, it is our duty to render judgment upon the facts so found if in law they are sufficient to authorize the judgment, unless, as stated by the statute, they be set aside. The transcript presents no exception below in behalf of Everett Landers to any conclusion of fact filed by the court, nor does it appear that appellant made a request for any additional finding, nor is any one or more of such findings directly attacked before us for want of evidence sufficient to support it; and, the facts found as a whole being such as in our opinion are amply sufficient to sustain the judgment, it follows that the judgment should be affirmed by force of the terms of the article of the statute quoted.

[2] However, we need not rest our final conclusion upon the view just expressed, for we have examined the evidence, and think it sufficient to sustain the trial court's conclusions to the effect that not only was O. D. Landers indebted, as evidenced by the judgment against him, at the time of and prior to the time he made the deed to appellant, E. Landers, but also that said deed was made without consideration, for the purpose of defrauding O. D. Landers' creditors, and had in fact never been delivered to appellant. The findings that the deed from O. D. Landers, under which appellant claims, had been made without consideration and never been delivered fully answers appellant's contention herein that the proof fails to show that he knew of O. D. Landers' indebtedness, or of his intent to defraud his creditors.

[3-5] Appellant's final contention must be overruled for the reasons that there is no finding by the trial court on the issue of appellant's equitable ownership of the property in question, no request for a finding upon this issue was made, nor any exception taken to the conclusion because of a failure to find upon the issue. Moreover, a finding adverse to this contention must be implied from the judgment against appellant, and we cannot say that the evidence is wholly insufficient to support such implied conclusion. It is true that appellant testified to a state of facts which would have vested in him the equitable ownership of the property prior to the time of the judgment and levy under which appellee claims, but, he being an interested witness, the court was not compelled to credit him, and there is evidence tending to show that O. D. Landers at all times improved, offered to sell, and otherwise treat-

ed the property as his own, that very soon after O. D. Landers made the deed under which appellant claims, he absconded, and that when soon thereafter appellant was approached in behalf of appellee in an effort to induce a retransfer of the property in question to O. D. Landers' creditors, appellant made no claim of the equitable ownership now asserted, but on the contrary indicated a willingness to make a retransfer in event, after communciation, O. D. Landers was willing that it should be done.

We conclude that the trial court's conclusions of law and fact should be adopted and the judgment affirmed.