SEEDIG v. FIRST NAT. BANK OF CLIFTON et al. (No. 7958.)

(Court of Civil Appeals of Texas. Ft. Worth. April 18, 1914. Rehearing Denied May 16, 1914.)

1. EXEMPTIONS (§ 149*) — ENFORCEMENT — DAMAGES—INTEREST.

Where exempt property of a debtor was wrongfully levied upon and sold by a creditor, the debtor was entitled to interest on the value of such property from the date of the conversion, and not merely from the date of a judgment against the creditor.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. § 179; Dec. Dig. § 149.*]

2. BANKRUPTCY (§ 400*) — SETTING APART AND REPORT OF EXEMPT PROPERTY.

The mere act of a trustee in bankruptcy in setting apart exempt property to a bankrupt as required by Bankr. Act July 1, 1898, c. 541, § 47, par. 11, 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438), requiring him to set apart such property and report the items and estimated value thereof to the court, etc., is not an adjudication, but does not become final and conclusive as between a creditor and bankrupt until the court shall have acted thereon.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 670–675; Dec. Dig. § 400.*]

3. JUDGMENT (§ 949*)—RES JUDICATA—PLEA —ADMISSIONS—FAILURE TO DENY.

Though facts set up in a plea of res adjudicata, not being specially denied, were confessed as provided by Acts 33d Leg. c. 127, yet the confession did not extend beyond the facts alleged so as to render the plea good as res adjudicata, where the facts themselves were not sufficient.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1794–1803; Dec. Dig. § 949.*]

4. APPEAL AND ERROR (§ 265*)—RESERVATION OF GROUNDS OF REVIEW—EXCEPTIONS.

Under Rev. St. 1911, art. 1990, providing that, where conclusions of fact of the trial judge are separately stated, the court shall, unless they be set aside and a new trial granted, render judgment thereon, where there was no exception to findings of fact, no request for additional findings, the judgment will not be disturbed because the evidence did not support the findings or because the evidence supported an issue not included within the findings.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1461, 1536–1551; Dec. Dig. § 265.*]

Appeal from District Court, Bosque County; O. L. Lockett, Judge.

Action by Gustav Seedig against the First National Bank of Clifton and others. Judgment for defendants, and plaintiff appeals. Modified and affirmed.

Edwin W. Hander, of Waco, and J. S. Bounds, of Meridian, for appellant. James M. Robertson, of Meridian, for appellees.

CONNER, C. J. This suit was instituted by the appellant against the First National Bank of Clifton and against J. W. Butler, its president, and G. F. Boone and W. H. Randell, the sheriff of Bosque county, for damages because of an alleged wrongful levy and sale under execution of certain personal property owned by the plaintiff and claimed by him to be exempt from execution. It was alleged that the First National Bank was in the process of liquidation, and that the defendants Butler and Boone were its liquidating agents and they were sued as such, save that it was specially charged that J. W. Butler advised and directed the levy with full knowledge at the time that the property levied upon was exempt, and the plaintiff claimed both actual and exemplary damages against the bank and Butler.

The defendants, who are now appellees, answered on September 17, 1913, after our new act on the subject of pleading went into effect. They filed a general denial, and specially denied that the property levied upon was exempt, and specially alleged that they did not levy upon and sell the property "maliciously and without probable cause."

To this the appellant answered by way of supplemental petition, alleging, among other things, that on the 2d day of December, 1912, the plaintiff on his own petition had been, by the District Court of the United States for the Western District of Texas at Waco, adjudged a bankrupt, the judgment described in the plaintiff's petition, and by virtue of which the execution in question had been levied, being listed as one of the debts from which the plaintiff desired a discharge; that the bank had been duly notified of the adjudication, and summoned to prove up its judgment against the plaintiff's estate; that on the 3d day of January, 1913, "Ed Russell, the duly appointed and qualified trustee of

said bankrupt estate, set aside all of said exempt property described in plaintiff's said petition as being his exempt property and not subject to be administered as a part of the bankrupt's estate, wherefore [as the prayer is] the plaintiff says that the fact that said property is his exempt property, and not subject to sale under execution to satisfy said judgment, is, as between the plaintiff and said bank, res adjudicata, and not subject to dispute between them."

The case was tried before the court without a jury on September 17, 1913, and the court found that, of the property levied upon, property of the value of $704.60 was, in fact, exempt, as alleged by the plaintiff, and for this amount judgment was rendered against all defendants (no personal judgment being rendered against defendant Butler). The remaining part of the property was found to be nonexempt and subject to the execution in question. The court further found and adjudged in favor of the defendant bank against the plaintiff, Gustav Seedig, for the sum of $315.60, the balance due upon a note and mortgage that the defendants had set up by way of cross-action in their answer. The court filed formal conclusions of fact upon which he based his judgment.

[1] We are of the opinion that appellant's first assignment is well taken. It appears that in rendering judgment the court allowed plaintiff interest upon the value of the exempt property found to have been converted from the date of the judgment only; whereas we think he was entitled to interest thereon from the date of the conversion of the property, to wit, from November 5, 1912, making a difference of $35.23 to which appellant is entitled. See Thompson v. Griffin, 69 Tex. 140, 6 S. W. 410; Masterson v. Goodlett, 46 Tex. 402; Hillebrant v. Brewer, 6 Tex. 51, 55 Am. Dec. 757. The error here noted, however, will not require a reversal of the judgment, but may be corrected as we will hereinafter attempt to do by its reformation.

[2, 3] In the second assignment appellant urges "that the court erred in not finding as against the First National Bank of Clifton that all the property was exempt for the reason that the nonexempt character of the property had become res adjudicata, as had been specially pleaded." Whatever of merit there might otherwise be in this contention, we think the present record fails to sustain it. In prescribing the duties of a trustee in cases of bankruptcy, the federal statutes, among other things, provides that he shall "set apart the bankrupt's exemptions and report the items and estimated value thereof to the court as soon as practicable after the appointment." See chapter 5, § 47, par. 11, of the Bankrupt Act (1 Fed. Stat. Anno. p. 656). It seems evident that the mere act of the trustee in setting apart exempt property has not been given the force of an adjudication. He is required to report the items of exempt property, with the estimated values

thereof, to the court. This report may be contested, and, as between the creditor and the bankrupt, does not become final and conclusive until the court shall have acted thereon. It will be noticed from the quotation from the appellant's plea that we have hereinbefore made that nothing beyond the act of the trustee in setting apart appellant's exempt property is alleged. It is not charged that this report was finally approved by the federal District Court at Waco, nor is any evidence that this took place pointed out, so that we cannot say that the record sustains the plea. It is further insisted, however, that the allegations relating to the plea of res adjudicata were not specifically denied, and that therefore under our new act relating to pleading, the plea must be taken as confessed in appellant's favor. Pretermitting for the moment a discussion of the new act, it will be sufficient to say, in answer to this proposition, that the confession cannot be extended beyond the allegations of the plea, and, the plea itself having set up only the act of the trustee in setting apart appellant's exempt property, the confession fails, in legal effect, to support the assignment.

[4] Several other assignments may be disposed of, we think, by the same general proposition. The assignments are: First, that "the court erred in not rendering judgment in favor of the plaintiff against the defendants and J. W. Butler for actual damages for the wrongful conversion of plaintiff's exempt property," for the reason that said defendants had not specially denied, as required by the new act relating to pleading (see General Laws, 1913, p. 257), plaintiff's allegations to the effect that Butler, as president of the First National Bank, directed the wrongful levy and sale of the property knowing that the property was exempt, and not subject to levy; second, that "the court erred in not rendering judgment in favor of the plaintiff against the defendant J. W. Butler for actual damages for the alleged wrongful conversion of plaintiff's exempt property, for the reason that the uncontroverted and uncontradicted evidence was that the said Butler knew, or, if he had used proper care and diligence, as he in the premises was bound to do, could have known, at the time he directed said levy and sale of said property that the plaintiff's exempt property was among the property levied upon"; third, that "the court erred in not rendering judgment for exemplary damages in favor of the plaintiff against the First National Bank of Clifton and the defendant J. W. Butler," for the same reasons.

As before stated, the trial court filed formal conclusions of fact and of law. There is no finding that the appellee Butler directed the levy, or that he knew that the property, or any part thereof, levied upon was exempt, and it was further specially found that "there are no facts shown by the evidence upon which the court could find exemplary

damages in this cause, and none are, therefore, found." The record discloses no exception or objection made by the appellant to any such finding or conclusion. Nor does the record show that appellant requested any finding upon an issue not determined. We cannot, therefore, disturb the "judgment" of the court merely because the state of the evidence is such as that one or more of the court's findings of fact is unsupported, or because of evidence supporting an issue not included within the court's findings of fact. Our statute (Rev. St. 1911, art. 1990) reads:

"In all cases where a special verdict of the jury is rendered, or the conclusions of fact found by the judge are separately stated, the court shall, unless the same be set aside and a new trial granted, render judgment thereon."

In Landers v. McCutchan, 161 S. W. 960, where the question now under consideration was involved, after citing the article of the statute just quoted, we said:

"As already stated, in this case we have the trial court's conclusions of facts separately stated from his conclusions of law; and, under the statute quoted, it is our duty to render judgment upon the facts so found if in law they are sufficient to authorize the judgment, unless, as stated by the statute, they be set aside. The transcript presents no exception below in behalf of Everett Landers to any conclusion of fact filed by the court, nor does it appear that appellant made a request for any additional finding, nor is any one or more of such findings directly attacked before us for want of evidence sufficient to support it; and, the facts found as a whole being such as, in our opinion, are amply sufficient to sustain the judgment, it follows that the judgment should be affirmed by force of the terms of the article of the statute quoted."

We think that under the circumstances and authorities stated the assignments referred to must be disregarded and overruled.

The remaining assignment is that "the court erred in rendering judgment against the plaintiff in favor of the First National Bank of Clifton for the sum of $315, because" (in substance) there was no specific denial of plaintiff's allegation that sufficient property not exempt was covered by the chattel mortgage set up in the cross-plea to satisfy it, and hence that the proceeds of the nonexempt property should have been applied in liquidation of the mortgage instead of as a credit on the judgment upon which the execution issued. The disposition of the preceding assignments determines in a great measure the disposition of the one last noted. Nothing in the court's findings supports the contentions last made, and the findings as a whole being sufficient, in our opinion, to sustain the judgment of the court.

All assignments, save the first, are therefore overruled, and the trial court's findings of fact and law adopted. In correction of the error urged under the first assignment, however, it will be ordered that the judgment be so reformed as to allow appellant interest on the value of his exempt property sold as adjudged by the court from the date of its conversion on November 5, 1912, and, as so re-formed, the judgment will be affirmed, with costs of this appeal taxed against the appellees.