## EARLE v. BLANKENBECKER. (No. 7795.)

Court of Civil Appeals of Texas. San Antonio. June 1, 1927.

Rehearing Denied July 2, 1927.

1. **Appeal and error**  733—Assignments of error as to judgment held insufficient as not distinctly specifying grounds of error (Court of Civil Appeals rules 24–27).

Assignments of error in failing to give plaintiff judgment for amount sued for in rendering judgment that plaintiff take nothing, in rendering judgment that defendant go hence without day and recover his costs, and that judgment is not sustained by either facts or law, *held* insufficient as not distinctly specifying grounds of error complained of, as required by Court of Civil Appeals rules 24–27.

2. **Appeal and error**  846(2, 5)—Assignments or error might not be considered, where case was tried to court and judge not requested to state findings of fact and conclusions of law in writing (Court of Civil Appeals rule 27).

In a case tried by the court acting without a jury, where the trial judge was not requested to state his findings of facts and conclusions of law in writing, as required by Court of Civil Appeals rule 27, as a predicate of assignments of error, assignments of error might not be considered.

Error from Bexar County Court; McCollum Burnett, Judge.

Action by E. P. Earle against L. E. Blankenbecker. To review a judgment for defendant, plaintiff brings error. Affirmed.

E. B. Cocke and Ben H. Kelly, both of San Antonio, for plaintiff in error.
L. E. Blankenbecker, of Houston, for defendant in error.

FLY, C. J. Plaintiff and defendant in error occupy the same position on the docket in this court as in the lower, and will be designated as plaintiff and defendant, as they were in the lower court.

Plaintiff sought to recover of defendant the sum of $450 alleged to be due as part of the rent on an apartment in New York City. The cause was tried by the court without a jury, and judgment rendered that plaintiff take nothing by his suit. Plaintiff applied for a writ of error to this court.

[1] The cause was heard, and judgment rendered on July 14, 1926, and plaintiff filed his bond on December 18, 1926. Plaintiff and defendant did not agree on a statement of facts, and the trial judge was not requested to prepare a statement of facts until more than 90 days after the bond in error was filed, and, although the court did prepare a statement of facts, it was done after the time for filing the same. The assignments of error are as follows:

---

"The trial court erred in failing to give plaintiff a judgment for the full amount sued for in this case.

"The trial court erred in rendering a judgment that plaintiff take nothing by his suit, as under the evidence and the law plaintiff was clearly entitled to recover.

"The trial court erred in rendering a judgment that defendant go hence without day and recover his costs.

"The judgment of the trial court is not sustained by either the facts or the law, but is in conflict with both."

[2] None of the assignments of error are in compliance with the statute or rules 24, 25, 26, and 27. The grounds of error are not distinctly specified, and they are expressed in such general terms as to violate the letter and spirit of the rules. The trial judge was not requested to state in writing his conclusions of fact and law, and consequently there is no predicate for assignments of error. Such assignments of error have always been denied consideration. Pollard v. Allen (Tex. Civ. App.) 171 S. W. 302; Lane v. Miller (Tex. Civ. App.) 176 S. W. 100. No fundamental error is presented by the record.

The judgment is affirmed.