ARMSTRONG v. MADDOX. (No. 11996.)

Court of Civil Appeals of Texas. Fort Worth. June 9, 1928.

Rehearing Denied July 14, 1928.

1. Appeal and error ⬉733—Assignment that court erred in rendering judgment for plaintiff held insufficient (Court of Civil Appeals Rules 24–26).

Assignment of error, that "the court in rendering judgment in favor of plaintiff in this cause," *held* insufficient, as not distinctly specifying grounds of error, as required by Court of Civil Appeals rules 24–26.

2. Appeal and error ⬉753(1)—Record could only be reviewed for fundamental error, where only assignment of error was insufficient.

Where only assignment of error was insufficient for failure to comply with Court of Civil Appeals rules 24–26, record could only be reviewed for fundamental error.

3. Trial ⬉395(1)—Judgment for plaintiff in suit for earnest money held authorized under findings that vendor failed to furnish "good title," as agreed (Rev. St. 1925, art. 2209).

In action to recover earnest money, court's findings that defendant agreed in writing to furnish abstract showing good title, that plaintiff had paid earnest money, that abstract furnished failed to show "good title," which means such title as chancery would adopt as ground for compelling specific performance, no exceptions being taken to findings, only assignment of error being insufficient, authorized judgment for plaintiff, under Rev. St. 1925, art. 2209.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Good Title.]

Appeal from Tarrant County Court; P. J. Small, Judge.

Action by E. P. Maddox against R. C. Armstrong, Jr., originating in justice court. Judgment for plaintiff, and defendant appeals. Affirmed.

W. M. McGregor, of Fort Worth, for appellant.

C. H. Milliken, of Fort Worth, for appellee.

CONNER, C. J. This is an appeal from a judgment of the county court, on appeal from a justice court, in favor of E. P. Maddox, plaintiff below, against R. C. Armstrong, Jr., defendant below, for the sum of $200, which the plaintiff alleged had been deposited with the defendant as earnest money upon a written contract for the purchase of land.

[1] The only assignment of error is that:

"The court in rendering judgment in favor of E. P. Maddox in this cause."

Appellee objects to this assignment, and it is clearly subject to the objection made, under rules 24, 25, and 26 of the rules prescribed for the government of this court. See Thompson v. Smith (Tex. Com. App.) 248 S. W. 1070; Earle v. Blankenbecker (Tex. Civ. App.) 297 S. W. 231, and notes under the rules specified in Harris' Rules of the Courts, 1921.

[2, 3] The record, therefore, can be reviewed only for fundamental error. The county judge filed findings of fact and conclusions of law, to which no exceptions appear to have been taken. The court found that the defendant Armstrong, in the written

contract referred to, agreed "to furnish an abstract showing good and sufficient title." The contract further recited that the plaintiff had on the date thereof paid the sum of $200 to defendant as earnest money, the "same to be applied on the purchase price upon delivery of deed with warranty of title." The court further found that the abstract of title furnished by the defendant failed to show 'good and sufficient title, specifying a number of defects therein, some of which, at least, appear to be valid objections, which defendant failed to obviate, if, indeed, all of them could have been obviated within a reasonable time.

Article 2209, Rev. Statutes 1925, prescribes that:

"Where a special verdict is rendered, or the conclusions of fact found by the judge are separately stated, the court shall render judgment thereon unless set aside or a new trial is granted."

In the case of Landers v. McCutchan, 161 S. W. 960, this court held that under the statute quoted, then embodied in Rev. Statutes of 1911, art. 1990, where the conclusions of fact, as here, are separately stated, and there was no exception to any conclusion of fact, and no request for any additional findings, and no finding attacked on appeal for want of evidence sufficient to support it, and the facts found as a whole sustain the judgment, the judgment should be affirmed.

In the case of Seedig v. First National Bank (Tex. Civ. App.) 168 S. W. 445, it was again held under the statute quoted that, where there were no exceptions to findings of fact, nor request for additional findings, the judgment will not be disturbed because the evidence did not support the findings, or because the evidence supported an issue not within the findings.

The evidence in this case, as well as the findings, show that appellant was bound by his contract to furnish an abstract showing good and sufficient title. The findings found specify a number of defects that not only seem objectionable, but which the attorney for appellee was justified in raising and requiring to be removed. Good title means such a title as a court of chancery would adopt as a specific ground for compelling specific performance. It means a title free from litigation, palpable defects, and grave doubts, and should consist of both legal and equitable title fairly deducible of record. See Collins v. Martin (No. 11949) 6 S.W.(2d) 126, by this court, not yet [officially] published, and authorities therein cited.

Under the authorities cited and condition of the record, and the facts found by the trial court, we cannot give effect to statements in the brief of counsel relating to agreements, or to circumstances, if any,

shown in the statement of facts, not supported by the trial court's findings. We think it clear that the findings of the court fully support the trial court's judgment, and we accordingly feel impelled to adopt those findings and affirm the judgment.