## HOLLAND v. COMMONWEALTH FINANCE CORPORATION.

### No. 5213.

Court of Civil Appeals of Texas. Texarkana.
June 2, 1938.

Brachfield & Wolfe, of Henderson, for appellant.

J. O. Hughes and Clyde H. Milliken, both of Fort Worth, for appellee.

HALL, Justice.

Appellee instituted this suit in form of trespass to try title against Mrs. C. E. Holland, appellant, her son, W. W. Holland, and others not necessary to mention, to recover title and possession of a 185⅔-acre tract of land situated in Rusk County, Texas.

Appellant answered by general denial, plea of not guilty, and specially alleged title under the several statutes of limitation. By

way of cross action appellant urged that on May 2, 1926, she conveyed the land in controversy to W. W. Holland retaining in the deed of conveyance a vendor's lien to secure part of the purchase price represented by a note of even date with said deed for $3500; that W. W. Holland defaulted in the payment of said vendor's lien note, and she, being the owner and holder of the superior title, elected to and did rescind said sale; that on March 19, 1927, W. W. Holland as evidence of said rescission executed and delivered to appellant a deed conveying said land in cancellation of the $3500 vendor's lien note. In the alternative appellant sought a foreclosure of the vendor's lien retained, and judgment for her debt.

W. W. Holland filed an answer but has not appealed, so no further notice will be taken of same.

In answer to appellant's answer and cross action, appellee alleged that the purchase money note mentioned in the deed from appellant to W. W. Holland was not secured by any lien upon the property in controversy; that it "did not in fact evidence any part of the purchase money for said land"; that the note mentioned in said deed "had been executed and delivered by W. W. Holland to defendant (appellant), C. E. Holland, long prior to the deed of conveyance and was a preexisting obligation between said parties." Appellee alleged further that the note mentioned in said deed was dated June 22, 1925, and was paid August 11, 1925, and that the deed dated May 2, 1926, did not and could not operate to create a lien on the land in controversy to secure said note. Appellee denied that appellant rescinded the sale of May 2, 1926, by cancellation of the purchase money note; that the deed from W. W. Holland to C. E. Holland in cancellation of the purchase money note was wholly ineffective for the reason that on May 12, 1926, W. W. Holland had parted with the title to said land to Ed Black. Appellee alleged further that C. E. Holland was estopped from claiming a rescission or foreclosure of said lien for the reason that she delivered the vendor's lien note of date June 22, 1925, which was marked "paid", to W. W. Holland, and that W. W. Holland exhibited same to appellee and thereby induced it to purchase the vendor's lien notes given by Ed Black to W. W. Holland as part of the purchase price paid by Black for said land upon the belief that the original vendor's lien note given to appellant by W. W. Holland had been paid.

Trial was to the court without a jury and resulted in judgment for appellee for title and possession of the land in controversy.

The record discloses that on May 12, 1926, W. W. Holland sold the land in controversy to Ed Black reserving a vendor's lien to secure the payment of certain notes given by Black as a part of the purchase price. These notes were purchased by appellee. Black defaulted in the payment of said notes and appellee brought suit in Dallas County against both Black and W. W. Holland for its debt and to foreclose the vendor's lien. A sale of the land was ordered by the Dallas court and appellee became the purchaser at the sheriff's sale August 2, 1927.

The principal contention by appellant, and in our opinion the controlling one, is that the trial court erred in permitting appellee to introduce evidence contrary to the agreement between the parties made in open court to the effect that appellant had good title to the land in controversy on May 2, 1926, the date of the deed from appellant to W. W. Holland. This evidence consisted of the introduction of the note dated June 22, 1925, for $3500 payable to C. E. Holland, appellant, made and executed by W. W. Holland due October 15, 1925, reciting that it was given in part payment of three tracts of land, one of which is described as being 185⅔ acres, a part of the S. C. George Survey located in Rusk County, said note being marked "paid" August 11, 1925, by the First Guaranty State Bank of Overton, Texas. This note described the remaining consideration for this land as being $3500 cash and the assumption of a $1500 note. This note is identical with the note described in the deed from appellant to W. W. Holland with the exception of the date of execution. It will be noted that it was marked "paid" by the Overton bank more than ten months before the deed from appellant to W. W. Holland was executed, which described a $3500 note of even date with said deed and retained a vendor's lien to secure its payment. The parties to this suit agreed at the beginning of the trial in open court that appellant had good title on May 2, 1926. The stipulation respecting this agreement is:

Mr. Milliken: "I think while there is no agreement as to common source of title, I think the pleadings and the facts will show a common source of title in the defendant (appellant), C. E. Holland, and we will not undertake to go back of that. Do we have

an agreement that the title was good in C. E. Holland as of May 2, 1926?"

Judge Brachfield: "That fact is agreed to by both plaintiff and defendants."

This statement amounts to more than an agreement of common source of title. It amounts to a stipulation that appellant had both the legal and the equitable title to the land in controversy on May 2, 1926; it became an agreed fact. Veselka v. Forres, Tex.Civ.App., 283 S.W. 303; Clark v. Ray, Tex.Civ.App., 96 S.W.2d 808, 813; Collins v. Martin, Tex.Civ.App., 6 S.W.2d 126; Armstrong v. Maddox, Tex.Civ.App., 8 S. W.2d 693; Ogg v. Herman, 71 Mont. 10, 227 P. 476. Such being the effect of said agreement, evidence would be inadmissible to show that on May 2, 1926, appellant did not have good title to the land in controversy. Strippelmann v. Clark, 11 Tex. 296; Dupree v. Duke, 30 Tex.Civ.App. 360, 70 S.W. 561. This, we think, was the effect of the introduction of the note of date June 22, 1925, which was marked "paid" by the Overton bank. The evidence in the record, in our opinion, is not sufficient to identify it as being the same note referred to in the deed·from appellant to W. W. Holland of date May 2, 1926. The discrepancy in the dates of execution of the two notes amounts to more than ten months. The one marked "paid" by the Overton bank being executed over ten months prior to the execution of the deed from appellant to W. W. Holland. Moreover, when W. W. Holland was called as a witness by the appellee, he testified that the two notes were not the same; that the note named in the deed from appellant to him had never been paid and was not the same note as the one of date June 22, 1925, marked "paid" by the Overton bank. W. W. Holland testified, further, that when he conveyed the property back to appellant in cancellation of the indebtedness due by him on the purchase price of said land, appellant delivered the note described in the deed dated May 2, 1926, to him and he threw it into the wastebasket. This testimony of W. W. Holland was not denied or impeached by any one. And we think under the provision of Vernon's Ann.Civ.St. Article 3769c it had some probative force. The agreement between the parties that appellant had good title to the land on May 2, 1926, dispensed with the necessity of her making proof of that fact and precluded appellee from disproving same. Confirming said agreement appellee introduced the deed from appellant to W. W. Holland as a necessary link in its chain of title, which deed showed conclusively a retention by appellant of the superior legal title. Indeed, proof of payment of the purchase price evidenced by the note described in the deed from appellant to·W. W. Holland would have placed the legal title in appellee, but this proof could not be made by showing the payment of another and different note some ten. months before the deed from appellant to W. W. Holland was executed, and especially is this true in view of the agreement that appellant had good title to the land on a date nearly ten months after the note of June 22, 1925, was marked "paid". Therefore the finding of fact by the trial court to the effect that the note dated June 22, 1925, and marked "paid" by the Overton bank on August 11, 1925, was the same note described in the deed from appellant to W. W. Holland dated May 2, 1926, in our opinion, is unsupported by the testimony legally admissible in the record.

The trial court made the further finding of fact: "that defendant Mrs. C. E. Holland permitted defendant W. W. Holland to have or obtain possession of said $3,500.00 note and that prior to the transfer of the six Edd Black notes and vendor's lien securing same to plaintiff, and as an inducement therefor, defendant W. W. Holland represented to plaintiff that the $3,500.00 note had been paid and that the Edd Black notes were secured by a first vendor's lien on the property in controversy, and exhibited said note to plaintiff marked 'paid, Aug. 11, 1925, First Guaranty State Bank, Overton, Texas', as proof of its payment; that plaintiff, in reliance on said representation, purchased the Edd Black notes in the belief that the said $3,500.00 note had been paid; that by reason thereof, both of said defendants are now estopped to deny the fact of payment of said note." Insofar as this finding of fact affects appellant, in our opinion, finds no basis in the testimony. No witness testified that the note of June 22, 1925, was turned over to W. W. Holland by appellant. There is no testimony as to how this note got into the possession of the Overton bank, or by what authority the bank acted in receiving payment of same. There is no showing that appellant transferred this note to the Overton bank. Neither Hall nor Evans, agents of appellee, who, the evidence discloses were dealing with W. W. Holland in purchasing the Ed Black notes, testified in the case. Only the President of appellee, E. J. Silvers, testi-

fied. He testified that the transaction had with W. W. Holland respecting the Ed Black notes and the $3500 note marked "paid" by the Overton bank was by Hall and Evans. The statement of this witness concerning a conversation with W. W. Holland is:

Mr. Milliken: "You know the papers were procured from W. W. Holland? A. I do.

"Q. You say you had a subsequent conversation with W. W. Holland over this matter? A. I did.

"Q. He came to your office? A. He did.

"Q. State to the court whether or not at that time he denied his signature to any of the notes and instruments he has so much uncertainty about now. A. He did not.

"Q. Was any question raised about any forgery among any of the papers? A. Absolutely not."

This is all the testimony of the witness connecting W. W. Holland with any transaction with the appellee. There is no testimony at all in the record that appellant had any dealings or conversation with any party to this case concerning any of the transactions respecting either the $3500 note marked "paid" by the bank or the Ed Black notes. The record is silent as to any transaction she may have had with appellee or its agents.

▮ Appellee purchased the Ed Black notes with full knowledge of the existence of the vendor's lien retained in the deed of May 2, 1926, to secure a note of $3500 of same date. It knew that the $3500 vendor's lien note submitted to it and marked "paid" by the Overton bank bore a different date of execution from the note described in the deed. It also knew that the note exhibited to it was not marked "paid" by appellant, and that it bore no transfer from appellant to the bank. It knew also that no authority was shown in the bank to receive payment of said note. These facts were either plainly visible to appellee when it purchased the Ed Black notes, or it was charged with notice of them by the Deed Records of Rusk County. Therefore it is our opinion that the doctrine of estoppel under the facts in this case would not bar appellant from asserting title to the land in controversy.

▮ The errors pointed out, in our opinion, require a reversal of the judgment of the trial court. We believe, however, that the ends of justice will be better served by remanding this cause rather than rendering

it. The other assignments brought forward have not been considered for the reason that we do not think those questions will arise upon another trial.

The judgment is reversed and the cause remanded.